Filed 7/28/22  P. v. Bishop CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092860 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F09659) |
| v. | |
| ALONZO BISHOP, | |
| Defendant and Appellant. | |

Defendant Alonzo Bishop appeals from the trial court's order denying his petition for resentencing under former Penal Code section 1170.95.[1]  He argues the trial court erred when it denied his petition at the prima facie stage after finding substantial evidence in his codefendants' pleas that could theoretically support a murder conviction under

---

[1] Further undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  In this opinion, we shall continue to refer to this section as former section 1170.95.

1

current law. The People concede the trial court erred. We accept the People's concession and will remand the case for further proceedings.

## I. BACKGROUND

In August 1997, defendant pled guilty to attempted willful, deliberate, and premediated first degree murder. He also admitted to personal use of a knife in the commission of the crime. At the plea hearing, the parties agreed the factual basis for the plea to be that defendant and his codefendants "took ahold of the victim," and " 'one person held the victim while two people stabbed the victim.' " The trial court subsequently sentenced defendant to a term of seven years to life, plus one year for the personal use allegation. Defendant did not appeal his conviction.

In 2019, defendant filed a former section 1170.95 petition for resentencing in which he alleged the information filed against him "allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." He further alleged that he pled guilty rather than going to trial because he "believed [he] could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine," and he was not "the actual killer." Defendant alleged he "could not now be convicted of 1st or 2nd degree murder because of changes made to . . . §§ 188 and 189, effective January 1, 2019", and "[t]here ha[d] been a prior determination by a court or jury that [he] was not a major participant and/or did not act with reckless indifference to human life under . . . § 190.2[, subdivision ](d)." After receiving the petition, the trial court appointed counsel.

After "early review" of defendant's petition, the court found "there [wa]s a question as to whether defendant . . . [wa]s eligible to seek relief under the provisions of [former] § 1170.95." The court thus ordered the parties to file "special" briefs addressing "whether the instant petition should be denied because (1) defendant . . . seeks relief from his attempted murder conviction, and not an actual murder conviction, and/or (2) defendant . . . 'could' have been convicted of attempted murder under law as it stands

after [Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437)], had he gone to trial, and is therefore ineligible for relief under [former] § 1170.95."

The People subsequently filed their special brief and submitted the police report documenting the video-taped statement that a codefendant gave to investigating officers. The trial court asked the parties to find the transcript from the preliminary hearing in defendant's case; neither party could find the transcript.

In August 2020, the trial court denied defendant's petition with a lengthy written decision. In its decision, the trial court assumed former section 1170.95 applied to convictions for attempted murder, but concluded defendant was ineligible for relief because "based on the factual basis of the pleas of defendant and his codefendants (and, if permissible for this court to consider, is further bolstered by [the] codefendant['s] statement to police), that had defendant . . . rejected the plea bargain and gone to trial, the *only* theory of criminal liability for the attempted murder would have been that of express malice aforethought." The court then detailed the factual basis for the codefendants' plea agreements and explained how those statements demonstrated defendant's role in the crime and the resulting ineligibility for relief under former section 1170.95.

The court further explained that even if it was impermissible to consider the codefendants' statement to police, defendant's plea of no contest to a willful, deliberate, premeditated attempted murder with a personal use of a knife enhancement demonstrated evidence of a "planned, intentional attempt to kill." Thus, the court opined, there was nothing in the record that could be construed as establishing defendant's liability for attempted premeditated murder under either a felony murder or natural and probable consequences theory of liability; "the *only* theory of criminal liability for the attempted murder would have been that of express malice aforethought." The court concluded "this was a planned, intentional attempt to kill."

## II. DISCUSSION

Defendant contends the trial court erroneously denied his petition for resentencing by looking beyond the record of conviction and engaging in judicial factfinding at the prima facie stage of his resentencing petition. He also contends former section 1170.95 applies to convictions for attempted murder. The People agree.

### A.     *Statutory Background*

Senate Bill 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also added former section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (Former § 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.)

Former section 1170.95 includes a prima facie determination.  Under subdivision (c), the trial court must appoint the defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he

4

or she is entitled to relief." (Former § 1170.95, subd. (c).) In performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971.)

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the [former] section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of [former] section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on other grounds in *Lewis, supra*, 11 Cal.5th at p. 963.) The "authority to make determinations without conducting an evidentiary hearing pursuant to [former] section 1170.95, subd[ivision ](d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Ibid.*)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of [former] section 1170.95[, subdivision ](a), then the trial court should issue an order to show cause. ([Former] § 1170.95[, subd. ](c).) Once the trial court issues the order to show cause under [former] section 1170.95[, subdivision ](c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in [former] section 1170.95, subd[ivision ](d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. ([Former] § 1170.95, subd. (d)(2).)" (*People v.*

5

*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.) At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is . . . ineligible for resentencing." (Former § 1170.95, subd. (d)(3).)

Our Supreme Court has explained that former section 1170.95, subdivision (c) requires "only a single prima facie showing." (*Lewis, supra*, 11 Cal.5th at p. 962.) A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for [former] section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

B.     *Analysis*

Here, defendant filed a facially sufficient petition alleging the essential facts required for relief under former section 1170.95, subdivision (a). The court appointed counsel for defendant and, after receiving a motion to dismiss from the People, directed the parties to submit briefing on whether defendant, who was convicted of attempted murder, was even eligible for relief under former section 1170.95. After reviewing the parties' briefs, the court determined defendant was ineligible for relief as a matter of law.

In reaching its decision, the court noted defendant admitted to personal use of a knife in the commission of the crime and based on the factual bases for his codefendants' pleas, defendant was one of the two people who stabbed the victim in an attempt to murder them.

As the People concede, the court erroneously considered evidence outside the record of conviction in order to reach its decision. (Former § 1170.95, subd. (c).) The People thus agree the court's order should be reversed and the matter remanded for further proceedings. The People, however, do not agree we should direct the trial court on remand to issue an order to show cause. The People argue we should remand the matter and direct the trial court to reconsider defendant's petition anew, in light of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551; Senate Bill 775). We agree.

The trial court issued its decision before the Supreme Court's decision in *Lewis*, and before the passing of Senate Bill 775. Both *Lewis* and Senate Bill 775 carefully describe the procedures required for considering and evaluating a former section 1170.95 petition. (Former § 1170.95, subds. (b) and (c).) Senate Bill 775 also amended former section 1170.95 to clarify that an attempted murder conviction was within the reach of the newly enacted former section 1170.95. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 544; see also Senate Bill 775.) The trial court should be given the opportunity to evaluate defendant's former section 1170.95 petition with the benefit of this new information. If the court determines defendant has, in fact, presented a prima facie case for relief, the court must then issue an order to show cause and proceed accordingly. (Former § 1170.95, subds. (c) and (d).)

## III. DISPOSITION

The trial court's order denying defendant's former section 1170.95 petition is reversed. The case is remanded with directions for the trial court to reconsider defendant's former section 1170.95 petition in light of the changes brought about by Senate Bill 775.

/S/

RENNER, J.

We concur:

/S/

HOCH, Acting P. J.

/S/

KRAUSE, J.

8